UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        v.                Case No. 6:19-cr-240-Orl-78GJK
                                         (Forfeiture)

**JEFFREY ARONOFSKY**

### UNITED STATES' MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and 18 U.S.C. § 2428, to enter a Preliminary Order of Forfeiture in the above-captioned case, which, upon entry, shall become a final order of forfeiture as to the defendant for the iPhone 11 Red, IMEI 353983100983303.   In support of its motion, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

**I.**    **Statement of Facts**

1.    On November 13, 2019, a one count Indictment was returned.   Doc. 12.   Count One charged the defendant with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).   As a result of the offense charged in Count One of the Indictment, the United States sought forfeiture of the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense.   *Id.* at 2.

2. On June 26, 2020, the United States and the defendant entered into a plea agreement. Doc. 51. In paragraph 10 of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the cellphone described above was used in the commission of the offense charged in Count One. *Id.* at 9.

3. On August 4, 2020, the defendant pled guilty to Count One of the Indictment and the Court accepted the plea of guilty and adjudicated the defendant guilty as to Count One. Doc. 59. The defendant is scheduled to be sentenced on December 15, 2020. Doc. 47.

**II.   Applicable Law**

The Court's authority to order forfeiture of property for violations of 18 U.S.C. § 2422(b) is founded upon 18 U.S.C. § 2428. Section 2428 provides for the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation. Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense. In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

The defendant admitted in his Plea Agreement that from on or about October 17, 2019, through on or about October 25, 2019, in the Middle District of Florida, and elsewhere, the defendant, using a facility and means of interstate commerce, that is, the Internet and a cell phone, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically sexual battery, in violation of Florida Statute Section 794.011(2)(a).   Factual Basis at 23-24.

Specifically, the defendant admitted that for several days in October 2019, he had been speaking to an undercover agent he believed to be named Steve about his (i.e. Steve's) eight-year-old son, and that the defendant had traveled to a prearranged meeting place in Lake Mary, FL in order to have sexual relations with the Steve's son.   *Id.* at 32.   A search of the defendant's vehicle following his arrest revealed a red iPhone, IMEI no. 353983100983303, which he used to communicate with the undercover agent about having sexual relations with the undercover agent's notional son. *Id.*

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violation charged in Count One of the Indictment, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and

3

interest in the cellphone in accordance with 18 U.S.C. § 2428 and Rule 32.2(b)(2).

### III. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 2428, and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the subject cellphone.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at ww.forfeiture.gov of its intent to forfeit the property.   Determining whether a third party has any interest in the property must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment.   See also *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to

enter any further order necessary for the forfeiture and disposition of such property.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   *s/Nicole M. Andrejko*
        NICOLE M. ANDREJKO
        Assistant United States Attorney
        Florida Bar Number 0820601
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        (407) 648-7500 – telephone
        (407) 648-7643 – facsimile
        E-mail: nicole.andrejko@.usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron Matthew Cohen, Esquire
R. Michael Hursey, Esquire

By:   *s/Nicole M. Andrejko*
        NICOLE M. ANDREJKO
        Assistant United States Attorney

5